# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

_____

### No. ACM S32762 (f rev)

_____

### UNITED STATES
*Appellee*

**v.**

### Damien M. WELLS
Senior Airman (E-4), U.S. Air Force, *Appellant*

_____

Appeal from the United States Air Force Trial Judiciary

Decided 22 July 2025

_____

*Military Judge*: Sterling C. Pendleton.

*Sentence*: Sentence adjudged 7 July 2023 by SpCM convened at Ramstein Air Base, Germany. Sentence entered by military judge on 9 February 2024: Bad-conduct discharge, confinement for 345 days, reduction to E-1, and a reprimand.

*For Appellant:* Major Heather M. Bruha, USAF; Major Rebecca J. Saathoff, USAF.

*For Appellee:* Colonel Steven R. Kaufman, USAF; Lieutenant Colonel J. Pete Ferrell, USAF; Lieutenant Colonel Jenny A. Liabenow, USAF; Major Kate E. Lee, USAF; Major Brittany M. Speirs, USAF; Major Jocelyn Q. Wright, USAF; Captain Morgan L. Brewington, USAF; Mary Ellen Payne, Esquire.

Before JOHNSON, MASON, and KEARLEY, *Appellate Military Judges*.

_____

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

_____

PER CURIAM:

A military judge sitting alone as a special court-martial convicted Appellant, in accordance with his pleas and pursuant to a plea agreement, of one specification of failing to obey a lawful order and three specifications of violating a lawful general regulation, in violation of Article 92 Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 892; one specification of communicating a threat, in violation of Article 115, UCMJ, 10 U.S.C. § 915; four specifications of wrongful distribution of an intimate visual image, in violation of Article 117a, UCMJ, 10 U.S.C. § 917a; one specification of battery upon a spouse, in violation of Article 128, UCMJ, 10 U.S.C. § 928; two specifications of obstruction of justice, in violation of Article 131b, UCMJ, 10 U.S.C. § 931b; and four specifications of indecent conduct and two specifications of wire fraud, in violation of Article 134, UCMJ, 10 U.S.C. § 934.[1] Appellant was sentenced to a bad-conduct discharge, confinement for 345 days, reduction to E-1, and a reprimand. Appellant requested deferment of the reduction in rank. He also requested deferment or waiver of the automatic forfeitures. The convening authority denied Appellant's requested deferment of the reduction in rank and automatic forfeitures.[2] He waived the automatic forfeitures for a period of six months. He took no action on the findings or the sentence.

Initial review of the record revealed irregularities in the Statement of Trial Results (STR) and the entry of judgment (EoJ) produced for this case. On 18 December 2023, we issued a show cause order directing the Government to show cause as to why this court should not remand the record for correction or take corrective action due to these irregularities. The Government responded stating that the court should remand the record for correction. On 18 January 2024, we remanded the case for correction of the EoJ and other erroneous post-trial documentation. On 9 February 2024, a new EoJ was signed by the military judge. The record was redocketed with the court on 12 February 2024.

---

[1] References to the punitive articles of the UCMJ are to the *Manual for Courts-Martial, United States* (2019 ed.). References to the Rules for Courts-Martial (R.C.M.) are to the *Manual for Courts-Martial, United States* (2024 ed.).

[2] Although not raised by Appellant, we note that the convening authority failed to include a reason for denying Appellant's deferment request. *See United States v. Sloan*, 35 M.J. 4, 7 (C.M.A. 1992) (holding the convening authority's decision on a deferral request "must include the reasons upon which the action is based" in order to facilitate judicial review (footnote omitted)), *overruled on other grounds by United States v. Dinger*, 77 M.J. 447, 453–54 (C.A.A.F. 2018); *see also* Article 57(b), UCMJ, 10 U.S.C. § 857(b); R.C.M. 1103. Appellant has not claimed any prejudice from this error, and we find none.

Appellant raises one issue on appeal. He asserts that the EoJ should be corrected again to reflect that Appellant was found guilty of Article 128, UCMJ, rather than Article 128b, UCMJ. The Government concurs that the EoJ needs to be corrected yet again. We therefore take corrective action pursuant to Rule for Courts-Martial 1111(c)(2).

The EoJ is modified by excepting "Art 128b" from the "Arraigned Offense(s)" for Second Additional Charge I and substituting therefore "Art 128." The findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(d), UCMJ, 10 U.S.C. §§ 859(a), 866(d). Accordingly, the findings, as modified in the entry of judgment, and sentence, are **AFFIRMED**.

FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court